UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FÉLIX ESPINOSA-BABILONIA,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

Civil No. 08-2022 (JAF)

**OPINION AND ORDER**

Plaintiff, Félix Espinosa-Babilonia, brings this case against Defendants, the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Department of Justice ("PRDOJ"), and the Puerto Rico Parole Board ("Parole Board"), under 42 U.S.C. § 1983, alleging illegal confinement under an ex-post-facto law. Docket Nos. 3, 18. Plaintiff seeks release on parole, premised upon our review of his prior case before the Supreme Court of Puerto Rico. Docket Nos. 3, 18, 20. The Commonwealth moves to dismiss per Federal Rule of Civil Procedure 12(b)(6), Docket No. 10; Plaintiff opposes, Docket No. 15.

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiff's complaint. Docket Nos. 3, 18, 20. Plaintiff is an inmate in the penal custody of the Commonwealth. Defendants denied him parole by retroactive application of Commonwealth Law No. 175, of July 24, 1998, which requires certain

convicts to submit to DNA sampling for a database. See 34 L.P.R.A. §§ 4001-12 (2004). Plaintiff challenged the Parole Board's decision in a case before the Puerto Rico Court of Appeals (Case No. KLRA 0700603). Docket Nos. 10, 23. On October 15, 2007, the court denied relief, finding no application of an ex-post-facto law. Id. On June 30, 2008, the Puerto Rico Supreme Court rejected Plaintiff's application for certiorari, thereby according finality to the appellate decision (Case No. MO-2007-44). Id.

Plaintiff filed the present complaint in federal district court on September 10, 2008, seeking a writ of certiorari to review the decision of the Supreme Court of Puerto Rico, nullify Law No. 175, and release him on parole. Docket Nos. 3, 18, 20. On November 25, 2008, the Commonwealth moved to dismiss, Docket No. 10; Plaintiff opposed on December 10, 2008, Docket Nos. 15, 26.

## II.

**Standard for Sua-Sponte Dismissal per Rules 12(b)(1) and 12(b)(6)**

We have an independent obligation to review our subject-matter jurisdiction over all cases. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(b)(1), 12(h)(3). In making this review, we may resolve predicate facts for our jurisdiction by ordering discovery and considering extrinsic evidence. Skwira v. United States, 344 F.3d 64, 71-72 (1st Cir. 2003). We may order

dismissal, sua sponte, if it is evident that we lack the power to decide a case. See Arbaugh, 546 U.S. at 514.

A defendant may also move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). In rare instances, we may dismiss on our own motion. Martínez-Rivera v. Ramos, 498 F.3d 3, 7 (1st Cir. 2007).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "[S]pecific facts are not necessary; the statements need only 'give the defendants fair notice of [the claim] and the grounds upon which it rests.'" Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007)).

**III.**

**Analysis**

The Commonwealth argues that the prior decision of the Supreme Court of Puerto Rico should apply as res judicata to bar this case.

Civil No. 08-2022 (JAF)                                           -4-

Docket No. 10. We need not address this affirmative defense, however, as Plaintiff's claim against the Parole Board appears to be jurisdictionally barred. It is unclear whether Plaintiff intended to name the Commonwealth and PRDOJ separately as defendants, as Plaintiff's complaint merely states that he understands that PRDOJ would represent the Commonwealth in this case. See Docket Nos. 3, 18. However, as the Commonwealth and PRDOJ are in the case caption, we dispose of possible claims against them on the basis of, respectively, sovereign immunity and Plaintiff's failure to state a claim for legally-cognizable relief.

**A.   Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, federal district courts lack the appellate jurisdiction to hear appeals taken from judgments in state courts.[1] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). This rule applies only if there is an identity of parties between the prior case and the appeal to federal district court. Lance v. Dennis, 546 U.S. 459, 464 (2006). The Rooker-Feldman doctrine applies to decisions of Commonwealth courts. Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004).

---

[1] A petitioner seeking review of final judgments of the Puerto Rico Supreme Court should apply for a writ of certiorari from the Supreme Court of the United States, not from a federal district court. See 28 U.S.C. § 1258. Ordinarily, district courts have original, not appellate jurisdiction, over cases arising from the Constitution. See id. § 1331.

Civil No. 08-2022 (JAF)                                    -5-

Plaintiff seeks a writ of "certiorari" to reverse the Commonwealth decision against him as a predicate to his release. Docket Nos. 3, 18, 20. As there is complete identity in parties as between Plaintiff and the Parole Board, Docket Nos. 3, 23, we lack jurisdiction to hear Plaintiff's complaint against the Parole Board.

**B.   Eleventh Amendment**

Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). The applicability of sovereign immunity is a jurisdictional question. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). "For Eleventh Amendment purposes, the Commonwealth is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F. Supp. 2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993)). As the Commonwealth has not consented to litigation in this case, we have no power to hear Plaintiff's case against it.

**C.   Failure to State a Claim**

Under § 1983, a defendant may be held liable for depriving a citizen of his constitutional rights under color of territorial law. 42 U.S.C. § 1983. In the case at bar, Plaintiff seeks only his release from prison as remedy. See Docket Nos. 3, 18, 20. However,

Civil No. 08-2022 (JAF)                                                                     -6-

PRDOJ is not Plaintiff's warden and Plaintiff is not in its custody. Also, upon review of Puerto Rico law, we find no statute authorizing PRDOJ to release Plaintiff from penal detention. Therefore, PRDOJ is not a proper defendant to this action.

### IV.

### Conclusion

Accordingly, we hereby **DISMISS** Plaintiff's claim against the Parole Board, Docket No. 3, **WITHOUT PREJUDICE** to pursuit of relief in the Supreme Court of the United States, and **DISMISS** his complaint against the Commonwealth and PRDOJ, id., **WITH PREJUDICE.** We hereby **DENY** as **MOOT** the Commonwealth's motion to dismiss, Docket No. 10.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of May, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge